NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2011[*]
Decided May 18, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-3065

| | |
|---|---|
| JOYCE E. PHILLIPS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:09-cv-00764-SEB-DML |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | Sarah Evans Barker, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Joyce Phillips applied for Social Security benefits in 2004, claiming—as she did in two earlier applications that were denied—that she had been disabled since February 2002 by pain in her lower back, right hip, and right leg.  In 2008 an administrative law judge denied her disability insurance benefits but awarded her supplemental security

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

income beginning that year.  The district court upheld the ALJ's decision.  Ms. Phillips contends on appeal that the ALJ "overlooked" her 2002 injuries or mistakenly set July 2008 as the onset date of her disability.  She seeks "back pay," by which she appears to mean a retroactive award of benefits for the period from February 2002 to July 2008.

Ms. Phillips, however, is mistaken about the nature of the ALJ's decision.  The ALJ acknowledged her claim that she had been disabled since 2002 but implicitly rejected it, concluding that she became disabled for purposes of supplemental security income only on July 29, 2008, five months before her 50th birthday.  In reaching this conclusion, the ALJ generously gave Ms. Phillips the benefit of a "borderline" age determination as a "person closely approaching advanced age" rather than a "younger person."  *See* 20 C.F.R. § 416.963(c) (defining "younger person" as one under age 50), 416.963(d) (defining "person closely approaching advanced age" as one who is age 50 to 54); SSR 83-10, 1983 WL 31251, at *8 (1983).  With the change in her age category, Medical-Vocational Guideline 201.10 directed a finding that Ms. Phillips was disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.10.  Because Ms. Phillips was not disabled as of March 31, 2007, her date last insured for disability benefits, the ALJ properly concluded that she was not entitled to disability benefits.  *See* 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. § 404.131; *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 348 (7th Cir. 2005).

Ms. Phillips offers no legal or factual basis for disturbing the ALJ's decision, which reflects thorough consideration of the record.  To the extent Ms. Phillips believes that the ALJ needed to reconsider her previous applications, she is incorrect; the doctrine of res judicata applies to them.  *See* 20 C.F.R. § 404.957(c)(1); *Keith v. Barnhart*, 473 F.3d 782, 784 n.6 (7th Cir. 2007).

We AFFIRM the judgment of the district court.